Norman William Bradshaw, Plaintiff-Appellee, v. City of East St. Louis, Defendant-Appellant.

Term No. 54–M–1.

Opinion filed July 10, 1954. Rehearing denied October 28, 1954. Released for publication October 28, 1954.

ROBERT F. GODFREY, Corporation Counsel, of East St. Louis, for appellant.

MIDDLETON & WATERS, of East St. Louis, for appellee.

MR. PRESIDING JUSTICE CULBERTSON delivered the opinion of the court.

This is an appeal by the City of East St. Louis, Illinois, a municipal corporation, defendant-appellant (hereinafter called defendant), from a judgment entered on the verdict of a jury in the circuit court of St. Clair county, Illinois, in favor of the plaintiff-appellee, Norman William Bradshaw (hereinafter called plaintiff), in the sum of $40,000.

It is contended on this appeal (first), that the plaintiff was guilty of contributory negligence as a matter

of law; and (secondly) that plaintiff did not prove actionable negligence on the part of defendant by a preponderance of the evidence; and for these reasons defendant should have a judgment entered in its favor notwithstanding the verdict, or, in the alternative, it is urged that a new trial should be granted defendant because, defendant contends, the verdict is against the manifest weight of the evidence.

A careful consideration of the evidence produced upon the trial of this cause reveals that the accident giving rise to this litigation occurred in the early morning of November 7, 1949, in the 1700 block St. Louis Avenue, in East St. Louis, Illinois. Plaintiff and his brother-in-law were riding to their homes at that hour, traveling along the street on motor scooters at a speed of about 25 miles per hour. Plaintiff testified he had the headlight on his scooter on "lower beam," and that for some time he had been familiar with the operation of a motor scooter. At the time of the occurrence in question it appears the brother-in-law of plaintiff was traveling a short distance ahead of plaintiff, and as they came to the 1700 block of St. Louis Avenue, plaintiff dropped behind his brother-in-law, and the first thing he knew he felt the front wheel of his motor scooter drop somewhere and he couldn't control the scooter, and he was thrown into a parked station wagon, and then the motor scooter hit the car up in front and continued on down the street. As the result of the accident, plaintiff sustained an injury which caused the amputation of his lower right leg, just below the knee.

The brother-in-law of the plaintiff, Jack E. Latchem, testified among other things, that he was to the left of plaintiff, about twenty-five or thirty feet ahead of him, and was traveling at about twenty-five miles per hour at the time of the accident. This witness testified he went on by the intersection of St. Louis Avenue with

302

17th street, and went about halfway up the block, looked back but did not see his brother-in-law's headlight, and that he then turned around, went back, saw the motor scooter lying in the street, and observed the plaintiff crawling up to the scooter to try to turn it off. This witness further testified he went back to get the scooter after plaintiff had been taken from the operating room at about 4:00 o'clock in the morning of the 7th of November, and at that time was looking for a shoe which plaintiff had lost, and it was then that he noticed a hole about two feet square in the pavement, saucer-shaped, with a lip on one end. The witness described the hole as being about six inches deep, and testified it was the only hole he observed on the street at the scene of the accident. While there he observed a Plymouth station wagon, and a 1941 Pontiac, parked along the street; and it was his thought that the cars had not been moved at the time he went back to get the scooter, and were still in the same position as they were at the time of the accident. The witness further testified the lip of the saucer-shaped hole appeared to him to be about six feet long, and looked like it dropped an inch and angled off toward the curb.

In support of plaintiff's case there was offered a witness James Abbott, who testified among other things, that on the night of the occurrence in question he lived at 1702 St. Louis Avenue in East St. Louis, Illinois, and he had lived at that address since May or June 1949. He testified that on the night of the 6th of November and the early morning of the 7th of November 1949, he had his 1947 Plymouth station wagon parked in front of his house, and there was an automobile parked in front of his station wagon. This witness testified he had returned from East Moline at about midnight, when he heard a crash, and someone screamed. He then went outside and up to where the plaintiff was lying in the street. This witness assisted

303

in putting plaintiff in the ambulance, and then went back to his station wagon and observed it had been struck, and then he looked at the hole in the street. This witness described the hole as being about six feet from the curbing, about fourteen to eighteen or twenty inches square, and about three to six inches deep at the deepest point. The witness further testified that to his knowledge the hole was in the street when he moved into his home in May or June of 1949, and it was the same hole that existed on the morning of November 7, and was in the portion of the street where motor vehicles ordinarily traveled. The foregoing fairly summarizes the evidence relied upon by the plaintiff to establish liability on part of the defendant City. At the close of plaintiff's case defendant offered a motion for a directed verdict in its favor, which motion was denied by the court.

The defendant in the presentation of its evidence called two police officers who testified they investigated the accident involving Mr. Bradshaw on the 7th of November 1949, at 17th street and St. Louis Avenue, and that they had occasion to talk to Mr. Bradshaw on November 7th, in the emergency room at St. Mary's Hospital, and at that time and place he told them he was driving east at about twenty-five miles an hour on St. Louis Avenue, and around 1700 St. Louis Avenue some dust blew into his eye and caused him to lose control of the motor scooter and he ran into a station wagon, glanced off the station wagon and into a car in front of the station wagon. Plaintiff in rebuttal testified he did not remember talking to these police officers, and testified further that he didn't talk to anybody; and also contended in his testimony that at the time he hit the car he did not have any dust or dirt in his eye, and did not have any immediately before he hit the car, and he did not have any dust or dirt in his eyes from

304

the time he left the Senate Club to go home, until the time of the accident.

Mr. William Knaus, Superintendent of Streets of East St. Louis testified on behalf of defendant that he heard about this accident and had occasion to go out and examine the part of the street in the 1700 block of St. Louis Avenue where the accident occurred in November 1949, and at that time he did not find a hole there, but a little depression, which had been patched by the Gas Company; and the witness further testified the width of this depression was three-by-four, and at its deepest point, was not over three-quarters of an inch deep.

There was also certain evidence developed on the cross-examination of the witness Latchem that plaintiff had said to Latchem the accident happened when he got some dust in his eye and lost control of the scooter and went over and hit the station wagon. We believe this recital fairly summarizes the evidence developed on behalf of the defendant.

 On appeal in this court it is principally contended by defendant that the plaintiff was guilty of contributory negligence, as a matter of law, for the reason that he did not have his bright light burning at and just before the time of the occurrence in question. The light on plaintiff's vehicle being on lower beam was not in violation of the statute and did not constitute negligence, as a matter of law (*Quirk v. Schramm,* 333 Ill. App. 293; *Brussell v. Lilly,* 347 Ill. App. 533). This question was properly submitted to the jury for determination. A municipality is bound only to use reasonable care to keep its sidewalks reasonably safe for the amount and kind of travel which may be fairly expected upon them (*Graham v. City of Chicago,* 346 Ill. 638). A city is not an insurer against accidents, and is not required to foresee and provide against every possible danger or accident that may occur, but is only

required to keep its streets and sidewalks in a reasonably safe condition (*Fleming v. City of Chicago,* 260 Ill. App. 496). Whether or not under the evidence the defendant in this case had met the burden imposed upon it by law in the maintenance of its street was properly submitted to the jury for their determination, as an issue of fact. The question of whether or not plaintiff was guilty of contributory negligence, under the evidence in this case, was also properly submitted to the jury for its determination, as an issue of fact.

The motions for a directed verdict by defendant, and also, for judgment notwithstanding the verdict, were properly denied by the court in our opinion. Defendant's motions for a directed verdict and for judgment notwithstanding the verdict present a question of law as to whether, when all the evidence is considered, together with all reasonable inferences from it in its aspect most favorable to plaintiff, there is a total failure or lack of evidence to prove any necessary element of plaintiff's case (*Heideman v. Kelsey,* 414 Ill. 453, 457; *Berg v. New York Cent. R. Co.,* 391 Ill. 52; *Tennant v. Peoria & Pekin Union Ry. Co.,* 321 U. S. 29).

The credibility of witnesses is for the determination of the jury (*Rembke v. Bieser,* 289 Ill. App. 136). The jury having evaluated the evidence in this case as was their right and responsibility so to do, were in a much better position to pass upon the weight of the evidence than is this court from a reading of the record. We believe from a very careful consideration of the evidence this court would not be warranted in disturbing the verdict of the jury in this case as being against the manifest weight of the evidence as we are persuaded that there is that quantum of evidence present in this case as meets the requirements of the law when same has been adopted by a jury and received favorable action by a trial court.

There appearing to this court to be no reversible error in the trial of this cause, the judgment of the circuit court of St. Clair county is, accordingly, affirmed.

*Judgment affirmed.*

BARDENS and SCHEINEMAN, JJ., concur.