KELLY GUENTHER, a Minor by her Father and Next Friend, Scott Guenther, *et al.*, Plaintiffs-Appellants, v. G. GRANT DICKSON & SONS, INC., a/k/a G. Grant Dixon & Sons, Inc., *et al.*, Defendants-Appellees.

Second District  No. 2—87—1034

Opinion filed June 8, 1988.

Robert E. Dyer and Tracy D. Kasson, both of Rathje, Woodward, Dyer & Burt, of Wheaton, for appellants.

Bruce L. Carmen, Stephen R. Swofford, and Daniel M. Purdom, all of Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago, for appellees.

JUSTICE INGLIS delivered the opinion of the court:

Kelly Guenther, a minor, by her father and next friend, Scott Guenther, and Scott Guenther, individually, filed suit against defendant, G. Grant Dickson & Sons, Inc., and other defendants for personal injuries Kelly sustained when the three–wheeled all-terrain vehicle (ATV) she was riding was struck by another ATV on defendant's property. The trial court granted defendant's motion for summary judgment on counts I and III of the complaint and further found that there was no just cause to delay enforcement or appeal of its order

pursuant to Supreme Court Rule 304(a) (107 Ill. 2d R. 304(a)). Plaintiffs appeal, contending that material issues of fact exist regarding defendant's negligence under the principles of *Kahn v. James Burton Co.* (1955), 5 Ill. 2d 614. We affirm.

On June 28, 1985, Kelly was riding her ATV on defendant's property when she collided with another ATV operated by Andrew Erickson. Kelly suffered a fractured leg, burns, and lacerations. The collision occurred after Kelly, who was riding south, was struck by Erickson, who was riding north. Kelly's complaint alleged that she could not see Erickson because her line of sight was obscured by the overgrown vegetation.

Defendant, G. Grant Dixon, purchased the subject property in 1960. Dixon was aware that the property was being used by motor vehicles, and he often saw riders operating snowmobiles, motorcycles, and ATV's on the property. These vehicles created paths or "racetracks" on the property. Dixon never took any action to prevent the property from being used in this fashion, but did post "no trespassing" signs on the property. It is disputed whether signs were present on the date of the accident. Dixon did not take any action to trim the weeds, trees, or shrubs on the property, preferring instead to "let nature take its course."

In reaching its decision on defendant's motion for summary judgment, the trial court considered Kelly's deposition. In her deposition, Kelly, who was 13 years old at the time of the accident, testified that she was very familiar with the property where the accident occurred as it was near her home and she walked and played on it since she was "little." Her father bought the ATV for the family to use, primarily on defendant's property. She knew that other people would ride motorbikes and ATV's on the property, and also knew that riders often traveled in opposite directions on the dirt paths. Kelly stated that she had ridden the ATV on defendant's property during the summer and fall of 1984 and the spring of 1985.

Kelly's complaint alleged that defendant was aware that young people frequently used the property for riding ATV's and other vehicles. It further alleged that defendant allowed the lot to become overgrown with weeds, trees, and shrubs, and never made any effort to prevent children from using the property for riding their vehicles. As noted, the court granted defendant's summary judgment motion, finding that Kelly's injuries were caused solely by a collision with another rider and that defendant's failure to maintain the property was not the proximate cause of her injuries. On appeal, plaintiffs contend that material issues of fact exist which preclude entry of summary judg-

ment for defendant. We disagree.

■ Summary judgment is properly granted if the pleadings, depositions, admissions, and affidavits on file show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. (Ill. Rev.ᐧ Stat. 1985, ch. 110, par. 2—1005(c); *Old Second National Bank v. Aurora Township* (1987), 156 Ill. App. 3d 62, 65.) The moving party must show that his right to judgment is clear and free from doubt. (*Old Second National Bank*, 156 Ill. App. 3d at 65; *Fuller v. Justice* (1983), 117 Ill. App. 3d 933, 938.) In reviewing a trial court's entry of summary judgment, the sole function of the appellate court is to determine whether the trial court correctly held that there was no genuine issue of material fact and, if not, whether the trial court correctly entered judgment as a matter of law. *Old Second National Bank*, 156 Ill. App. 3d at 65-66.

■ In *Kahn v. James Burton Co.* (1955), 5 Ill. 2d 614, 624, our supreme court determined that principles of ordinary negligence should apply to personal injury cases involving children. Generally, landowners have no duty to keep their premises in any particular condition for the sake of trespassers, and children have no more right to enter another's land without authority than do adults. (*Corcoran v. Village of Libertyville* (1978), 73 Ill. 2d 316, 325; *Kahn*, 5 Ill. 2d at 625.) An exception to the general rule exists where the owner knows or should know that (1) young children habitually frequent the property; (2) a dangerous agency exists on the land; (3) the dangerous agency is likely to injure the children because they, by reason of their immaturity, cannot appreciate the risk involved; and (4) the expenses of remedying the condition are slight compared to the risk to the children. (*Kahn*, 5 Ill. 2d at 625.) In such cases, the owner has a duty to exercise due care to remedy the condition or protect the children from it. (5 Ill. 2d at 625.) The true basis of liability is the foreseeability of harm to the child. 5 Ill. 2d at 625.

●3 The threshold determination in any application of the *Kahn* test is whether the plaintiff has established the existence of a dangerous condition on the land. (*Fuller*, 117 Ill. App. 3d at 939.) For this purpose, a dangerous condition is a condition which is likely to cause injury to children who, by reason of their immaturity, might be incapable of appreciating the risk involved. (117 Ill. App. 3d at 939.) Thus, if the condition involves an obvious risk which children would generally be expected to appreciate and avoid, the landowner is under no duty to remedy the condition. (117 Ill. App. 3d at 939-40.) Dangers, " 'such as those of fire and water, or of falling from a height *** under ordinary conditions may reasonably be expected to be fully understood

and appreciated by any child of any age to be allowed at large.' " (*Corcoran*, 73 Ill. 2d at 327, quoting Restatement (Second) of Torts §339, comment *j*, at 203 (1966).) Since children are expected to avoid obvious risks, there is no foreseeable risk of harm. (*Cope v. Doe* (1984), 102 Ill. 2d 278, 286.) Nonetheless, it is possible that an instrumentality which is not normally dangerous may become so in combination with other instrumentalities or conditions. (*Scarano v. Town of Ela* (1988), 166 Ill. App. 3d 184, 187; *Pasierb v. Hanover Park Park District* (1981), 103 Ill. App. 3d 806, 808.) In such an instance, the burden is on the plaintiff to demonstrate that the risk is greater than those encountered by children in their everyday lives. *Scarano*, 166 Ill. App. 3d at 187.

In the instant action, Kelly contends that the presence of paths and "racetracks" on the property, combined with the overgrown foliage, created a dangerous condition which a 13-year-old could not have been expected to appreciate. Kelly argues:

"A child of thirteen is not as aware of changes of foliage and vegetation caused by the seasons as an adult. A child, after riding a course such as the Defendant's in the spring without foliage and good line of sight, may not realize that in the summer the foliage is thicker and that the line of sight around the curves of the tracks and paths is different than in the spring, winter and fall."

This argument ignores common sense and contradicts Kelly's own deposition in which she concedes her familiarity with the property and acknowledges riding her ATV during all seasons.

In her deposition, Kelly testified that she had walked and played on the property for many years and had ridden her ATV on it during the previous summer. She also stated that she rode it there during the fall, winter, and spring. Thus, Kelly had actual knowledge of the changing characteristics of foliage on defendant's property. The instant case is similar to numerous recent appellate court cases rejecting the contentions of minor plaintiffs who claimed they were unable to appreciate the risks in question. See *Cope*, 102 Ill. 2d at 289 (seven-year-old boy held to have been able to appreciate dangers of ice-covered pond); *Nichols v. Sitko* (1987), 157 Ill. App. 3d 950, 953 (high weeds on defendant's property did not create risks which a child would not ordinarily encounter); *Old Second National Bank*, 156 Ill. App. 3d at 68-69 (14-year-old boy could appreciate risk of inner tubing in drainage ditch); *Newby v. Lake Zurich Community Unit, District No. 95* (1985), 136 Ill. App. 3d 92, 99 (plaintiff failed to satisfy burden of showing that climbing on tree located near defendant's field house

roof was a risk greater than that normally experienced during everyday life); *Hootman v. Dixon* (1984), 129 Ill. App. 3d 645, 649 (12-year-old could appreciate danger of collapse of brick building which he and friends were attempting to knock down); *Keller v. Mols* (1984), 129 Ill. App. 3d 208, 211 (14-year-old could appreciate risks of playing floor hockey); *Bazos v. Chouinard* (1981), 96 Ill. App. 3d 526, 530 (10-year-old could appreciate risk of falling off picnic table); *Warchol v. City of Chicago* (1979), 75 Ill. App. 3d 289, 297 (tree stumps and roots did not create unreasonable risk of harm to 15-year-old).

Particularly on point to the instant facts is *Fuller*. In that case, the 14-year-old plaintiff was injured when she fell off a log on defendant's property. (*Fuller*, 117 Ill. App. 3d at 937.) This court affirmed summary judgment for the defendant, finding that "no reasonable child and especially a 14-year-old teenager would be unaware of a log's propensity to roll." (117 Ill. App. 3d at 942.) Similarly, in the instant case, no reasonable 13-year-old could fail to realize that trees are bare in the winter and have leaves in the summer. (See *Nichols*, 157 Ill. App. 3d at 953-54.) Kelly testified that she had ridden the ATV on the same property, in all seasons, for over a year and had walked and played on the property for many years. Further, she testified that she was aware that other people often drove vehicles on the paths in opposite directions. From these admissions it is clear that Kelly was familiar with the changing nature of the foliage on the property and the risk that it might obscure the vision of other riders on the paths.

Kelly has failed to demonstrate that defendant's property was in an unreasonably dangerous condition. Kelly was capable of appreciating the risks of riding an ATV on a path through dense foliage. Although the trial court did not base its decision on this issue, we may affirm the trial court on any basis appearing in the record. (*Fuller*, 117 Ill. App. 3d at 938.) Therefore, the judgment of the circuit court granting summary judgment for defendant is affirmed.

Affirmed.

LINDBERG, P.J., and DUNN J., concur.