AMERICAN NATIONAL BANK AND TRUST COMPANY, Trust No. 102592 08, Plaintiff-Appellant, v. BENTLEY BUILDERS, INC., Defendant-Appellee.

Second District    No. 2—99—0004

Opinion filed October 20, 1999.

Terrance R. Hyten, of Terrance R. Hyten & Associates, of Prairie Grove, for appellant.

John M. McGuirk, of Hoscheit & McGuirk, P.C., of St. Charles, for appellee.

JUSTICE GEIGER delivered the opinion of the court:

The plaintiff, American National Bank and Trust Company, Trust No. 102592 08, appeals from the following orders of the circuit court of Kane County: (1) the August 21, 1998, order dismissing count III of its complaint alleging breach of contract; (2) the December 3, 1998, order granting summary judgment on behalf of the defendant, Bentley Builders, Inc., as to count II of the plaintiff's complaint alleging slander of title; and (3) the December 3, 1998, order granting the defendant's motion to compel the return of earnest money deposit.

The facts relevant to the disposition of this appeal are as follows. On August 5, 1993, the plaintiff and the defendant entered into a purchase agreement whereby the plaintiff agreed to sell five vacant lots to the defendant for $280,000. These lots were part of a subdivision known as "On Brentwood's Pond" in Geneva. Pursuant to the terms of the purchase agreement, the defendant deposited a total of $15,000 in earnest money with the plaintiff.

At the time the parties executed the purchase agreement, the vacant lots were unimproved and the plaintiff was in the process of obtaining final plat approval from the City of Geneva (the City). Paragraph 6(a) of the purchase agreement provided that the closing was to take place when the "lots [were] permitable by the [City]."

On March 29, 1995, the plaintiff sent the defendant a letter

indicating that the closing could be scheduled. The plaintiff enclosed a letter from the City's building inspector to the plaintiff indicating that "building permits are now available for the construction of single family homes in the subdivision known as On Brentwood's Pond in Geneva, Illinois."

On April 12, 1995, the defendant sent the plaintiff a letter indicating that the defendant was not willing to close the transaction at that time. In this correspondence, the defendant explained that, according to industry custom, the lots would be "permitable" only when the plaintiff had completed those subdivision improvements necessary to secure occupancy permits from the City. The defendant therefore indicated that it would not close the transaction until the curbs, underground utilities, and "first lift" were completed.

On April 25, 1995, after several additional correspondences between the parties, the plaintiff sent the defendant a letter indicating that it considered the purchase agreement terminated. The plaintiff indicated that the defendant was in default under the terms of the purchase agreement because it had failed to close the transaction within 15 days of the plaintiff's notice that the lots were "permitable."

On May 8, 1995, the defendant recorded a copy of the purchase agreement document with the Kane County recorder of deeds.

On June 5, 1996, the plaintiff filed a verified complaint against the defendant. As subsequently amended, the complaint contained four counts. Count I sought a declaration that the defendant was in default of the purchase agreement and that the defendant had no rights, title, or interest in the five lots; count II sought damages for slander of title; count III sought damages for breach of contract; and count IV sought the alternative remedy of rescission of the purchase agreement. On August 18, 1996, the defendant filed a two-count counterclaim. Count I of the counterclaim sought specific performance of the purchase agreement; count II sought damages for breach of contract.

On June 8 and 9, 1998, the circuit court of Kane County conducted a bench trial. On August 4, 1998, the trial court filed a written memorandum decision. The trial court found that the term "permitable" was ambiguous and therefore found that its meaning could be derived only from parol evidence. After reviewing the evidence, the trial court found that lots were "permitable" at that time when the defendant could obtain a building permit from the City allowing it to commence construction on the lots. The trial court found that the defendant had been obligated to close the transaction upon the availability of the building permits and that the plaintiff had properly exercised its right to terminate the agreement when the defendant refused to do so.

The trial court therefore entered judgment in favor of the plaintiff as to count I of the complaint in the following respect:

"It is declared that the August 5, 1993, agreement is terminated and that the defendant has no right[,] title[,] or interest in lots 33, 35, 43, 48 and 58 in ON BRENTWOOD'S POND SUBDIVISION Geneva, Illinois."

The trial court also entered judgment in the plaintiff's favor as to count I of the defendant's counterclaim seeking specific performance. Additionally, the trial court denied the plaintiff any relief in its alternative count IV seeking rescission. As to count II (slander of title) and count III (breach of contract) of the plaintiff's complaint, as well as count II (breach of contract) of the defendant's counterclaim, the court continued the matter for reassignment to the law division for trial on "the money damages claims."

On August 21, 1998, when the matter came up for reassignment, the trial court entered the following order:

"(1) Based on the Court's ruling with regard to Count I of the Plaintiff's Second Amended Complaint, Count III [breach of contract] of Plaintiff's Second Amended Complaint and Count II [breach of contract] of the Amended Counterclaim are hereby dismissed.

(2) Count II [slander of title] of Plaintiff's Second Amended Complaint is transferred [to the law division] *** for reassignment ***.

(3) There is no just reason for delay[,] appeal[,] and enforcement of this order."

On August 31, 1998, the case was reassigned to a trial judge in the law division.

On October 14, 1998, the defendant filed a motion to compel the plaintiff to return the $15,000 in earnest money that the defendant had deposited at the onset of the transaction. Relying on the trial court's finding that the plaintiff had terminated the contract, the defendant argued that the plaintiff had elected to terminate the contract and was not entitled to recover damages. Additionally, the defendant argued that the purchase agreement did not provide for the forfeiture of the earnest money as liquidated damages. The plaintiff filed a written response to the motion, arguing that it was entitled to seek damages flowing from the defendant's breach of the purchase agreement and that such damages could be satisfied by the earnest money deposit.

On October 16, 1998, the defendant also filed a motion for summary judgment as to the slander of title count of the plaintiff's complaint. The defendant argued that the plaintiff could not sustain its burden of proving that the defendant had acted with malice in recording the purchase agreement. The defendant argued that, when a party records a document with the reasonable belief that he has a claim to

the property, he does not act with malice and cannot be liable for slander of title. See *Whildin v. Kovacs*, 82 Ill. App. 3d 1015, 1016 (1980). Relying on the trial court's finding that the use of the term "permitable" in the purchase agreement was ambiguous, the defendant argued that the plaintiff could not prove that the defendant knew that it had no claim to the property. In response to the motion, the plaintiff argued that the issue of malice was a question of fact which precluded summary judgment.

On December 3, 1998, the trial court entered an order granting the defendant's motion for summary judgment as to the slander of title count. Also on December 3, 1998, the trial court entered a separate order granting the defendant's motion to compel the return of the $15,000 in earnest money. That order also provided as follows: "It is further ordered that the August 21, 1998, dismissal order of Count III [breach of contract] of Plaintiff's Second Amended complaint is without prejudice." Following the denial of its motion to reconsider, the plaintiff filed a notice of appeal.

The plaintiff's first argument on appeal is that the trial court erred in granting summary judgment for the defendant as to the slander of title count. The plaintiff argues that there exist genuine issues of material fact which preclude the entry of summary judgment. Specifically, the plaintiff argues that the defendant's act of recording the purchase agreement after it had received notice that the agreement was terminated established "a *prima facie* showing of malice."

■ Summary judgment is properly granted if the pleadings, depositions, admissions, and affidavits on file show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. 735 ILCS 5/2—1005 (West 1998); *Guenther v. G. Grant Dickson & Sons, Inc.*, 170 Ill. App. 3d 538, 541 (1988). The moving party must show that his right to judgment is clear and free from doubt. *Guenther*, 170 Ill. App. 3d at 541. In reviewing a trial court's entry of summary judgment, the sole function of the appellate court is to determine whether the trial court correctly held that there was no genuine issue of material fact and, if not, whether the trial court correctly entered judgment as a matter of law. *Guenther*, 170 Ill. App. 3d at 541.

■ A plaintiff asserting slander of title bears the burden of proving (1) that the defendant made a false and malicious publication, either oral or written; (2) that such publication disparages the plaintiff's title to property; and (3) damages due to such publication. *Contract Development Corp. v. Beck*, 255 Ill. App. 3d 660, 665 (1994). The plaintiff must also show that the defendant acted with malice. *Beck*, 255 Ill. App. 3d at 665. To demonstrate malice, the plaintiff must

show that the defendant knew that the disparaging statements were false or that the statements were made with reckless disregard of their truth or falsity. *Beck*, 255 Ill. App. 3d at 665. The defendant acts with reckless disregard if he publishes the allegedly damaging matter despite a high degree of awareness of its probable falsity or if the defendant has serious doubts as to its truth. *Beck*, 255 Ill. App. 3d at 665.

■ The act of maliciously recording a document that clouds another's title to real estate is actionable as slander of title. *Whildin*, 82 Ill. App. 3d at 1016. However, if the party who records the document has reasonable grounds to believe that he has title or a claim to the property, he has not acted with malice. *Whildin*, 82 Ill. App. 3d at 1016. Malice is a question of fact, and where the plaintiff has introduced evidence establishing a genuine issue as to whether the defendant acted with malice, summary judgment is inappropriate. See *Miller v. Danville Elks Lodge 332*, 211 Ill. App. 3d 145, 157 (1991).

At the outset, we note that the mere fact that the defendant recorded the purchase agreement after it had received notice of plaintiff's termination does not necessarily constitute a *prima facie* showing of malice as a matter of law. As noted above, a party does not act with malice in recording a document if he has reasonable grounds to believe that he has title or a claim to the property. *Whildin*, 82 Ill. App. 3d at 1016. Therefore, the proper inquiry in the instant case is whether the defendant had reasonable grounds to believe that it had title or a claim to the five lots at the time of recording.

■ In support of its argument that the defendant acted with malice, the plaintiff relies on certain testimony allegedly elicited during the trial of the declaratory judgment count. However, this testimony does not appear in the record, as the plaintiff has failed to file a transcript of the trial proceedings. We note that the burden falls upon the appellant to properly preserve the record for appeal. *W.E. Mundy Landscaping & Garden Center, Inc. v. Hish*, 187 Ill. App. 3d 164, 166 (1989). We therefore will not consider the plaintiff's summary of the trial testimony in determining whether there exists a question of fact as to the issue of malice.

However, we do note that the trial court's written factual findings from the trial are part of the record. As detailed above, the trial court specifically found that the parties had intended the term "permitable" to mean at such time that the City would issue a building permit so that construction on the lots could commence. The trial court found that, despite the availability of building permits, the defendant refused to close because the subdivision improvements were not complete. Because such improvements were not a contractual condition to clos-

ing, the trial court found that the defendant had failed to comply with the terms of the purchase agreement and that the plaintiff lawfully terminated the contract.

■ On the basis of such factual findings, we believe that there exists a question of fact as to whether the defendant acted with malice in recording the purchase agreement. Presented with evidence that the defendant understood the term "permitable" to mean the availability of building permits, the finder of fact could reasonably conclude that (1) the defendant knew that it was in default when it failed to close the transaction; (2) the defendant knew that the plaintiff had lawfully terminated the purchase agreement prior to recording; and (3) the defendant knew that it had no lawful claim or title to the five lots. We therefore believe that the finder of fact could reasonably find that the defendant acted with malice by recording the purchase agreement.

The defendant argues that summary judgment was proper in light of the trial court's finding that the term "permitable" was ambiguous. The defendant argues that because reasonable minds could differ as to the meaning of the term "permitable," the plaintiff cannot prove that the defendant's interpretation of the contract was unreasonable and that the defendant acted maliciously in recording the purchase agreement.

Although it is true that the trial court found the term "permitable" to be ambiguous, that finding was based solely upon the fact that the term was not defined by the agreement. However, after examining parol evidence, the trial court found that the parties meant the term "permitable" to mean the "availability to the defendant of a permit allowing it to build on the lots." Therefore, contrary to the defendant's assertions, the trial court did not find that this contractual term was susceptible to more than one meaning among the parties. Rather, based upon the trial court's findings, we believe that there is evidence from which the finder of fact could reasonably conclude that the defendant knew that it was in default on the purchase agreement and that it acted with malice in recording the document. As we believe there exists a question of fact as to the issue of malice, we hold that the trial court erred in granting summary judgment as to the slander of title count (count II) and remand the cause for trial.

■ The plaintiff's second argument on appeal is that the trial court erred in dismissing the complaint's third count, which alleged breach of contract. Before considering the merits of this issue, this court has an obligation to consider whether it has jurisdiction to review the dismissal order. *Pines v. Pines*, 262 Ill. App. 3d 923, 928 (1994). Supreme Court Rule 304(a) allows an appeal from a final order that

disposes of fewer than all of the parties or claims if an express written finding is made that there is no just reason to delay enforcement or appeal. 155 Ill. 2d R. 304(a). When an order includes a Rule 304(a) finding, it must be appealed within 30 days or the right to challenge the ruling is lost. See *Stroud v. News Group Chicago, Inc.*, 215 Ill. App. 3d 1006, 1012 (1991).

■ In the instant case, the plaintiff seeks review of the trial court's August 21, 1998, order dismissing the breach of contract count of its complaint. As noted above, that order provided that "[t]here is no just reason for delay[,] appeal[,] and enforcement of this order." As the trial court's dismissal order constituted a final judgment as to one of the plaintiff's claims against the defendant, and because the trial court found no just reason to delay enforcement or appeal of its order, the plaintiff was obligated to file a notice of appeal within 30 days of August 21, 1998, if it wished to challenge the dismissal. See *Stroud*, 215 Ill. App. 3d at 1012. The plaintiff's notice of appeal, filed December 31, 1998, was untimely, and this court lacks jurisdiction to review the order. See *Stroud*, 215 Ill. App. 3d at 1012.

■ The effect of the trial court's August 21, 1998, order was a dismissal of the plaintiff's breach of contract claim with prejudice. We note that the trial court's December 3, 1998, order indicates that the dismissal was "without prejudice." However, this portion of the December 3, 1998, order is void for the trial court's lack of jurisdiction. After a trial court has entered a Rule 304(a) finding that there is no just reason to delay enforcement or appeal of a final judgment and the time to appeal has expired, the court generally loses jurisdiction to modify the order. *Stroud*, 215 Ill. App. 3d at 1010. Because the time to appeal the August 21, 1998, order had expired, the trial court lacked jurisdiction on December 3, 1998, to modify the August 21, 1998, order.

■ As its final argument on appeal, the plaintiff argues that the trial court erred in ordering it to return the defendant's earnest money deposit. The plaintiff argues that it has incurred significant damages as a result of the defendant's breach of contract and slander of title. Although the plaintiff's legal argument is somewhat unclear, it appears that the plaintiff is contending that it should be allowed to keep the earnest money as a setoff against its damages.

As detailed above, the plaintiff's breach of contract count has been dismissed and cannot be considered by the trial court on remand. Therefore, the plaintiff may not recover either actual or liquidated damages arising out of the defendant's alleged breach of the purchase agreement. The plaintiff therefore had no legal right to retain the defendant's earnest money deposit, and the trial court properly compelled its return.

For the foregoing reasons, the judgment of the circuit court of Kane County is affirmed in part and reversed in part, and the cause is remanded for further proceedings consistent with this opinion.

Affirmed in part and reversed in part; cause remanded.

McLAREN and RAPP, JJ., concur.