No. 30,535.

John Arnold, *Appellant*, v. The Board of County Commissioners of the County of Coffey, *Appellee*.

(11 P. 2d 729.)

Opinion filed June 4, 1932.

*O. S. Samuel* and *R. H. Hudkins*, both of Emporia, for the appellant.

*Joe Rolston, Jr.*, county attorney, and *Joe Rolston*, of Burlington, for the appellee.

The opinion of the court was delivered by

Johnston, C. J.: This was an action to recover damages for injuries suffered by Nannie Arnold, the wife of John Arnold, on highway No. 75, near the line between Coffey county and Osage county. It is brought under the statute making the county liable for damages sustained through the defects in a highway where five days' actual notice or knowledge of the defect has been brought to the chairman of the board of county commissioners. The defect in question was a ditch or hole in the highway at the end of a culvert.

One of the questions raised is that there was not sufficient notice brought to the chairman of the board; and another is that the plaintiff's wife was herself guilty of contributory negligence. The story of the accident and the resulting injury, as well as the nature of the defect in the culvert, was sufficiently told in the earlier appeal of *Arnold v. Coffey County Comm'rs*, 131 Kan. 343, 291 Pac. 762, and need not be fully repeated here. When the culvert was built in 1922 W. F. Duffy was chairman of the board of county commissioners of that county, and held that office until 1924, when he was succeeded by F. H. Jennings, who occupied the position when the accident occurred, on October 9, 1927. Duffy, it appears, knew that no guard

rails had been built at the ends of the corrugated iron culvert across the highway. It was twenty-four feet long, covered with three inches of dirt and there were openings at each end to drain water into the ditches on each side of the road. In answer to special questions the jury, among other things, found that Jennings did not have actual notice or knowledge of the defect for more than five days prior to the time of the injury in question.

It was also found that Mrs. Arnold by her negligence contributed to her injury. It appears that the Arnolds were driving north from Independence to a point in Osage county. They reached the line between Coffey and Osage counties in the evening. The lights on the automobile had been burning for some time and Mr. Arnold, as he approached the line, discovered a number of road signs at an intersection and drove his automobile to the right side of the road, leaving it partly on the traveled way and partly on the grass and weeds at the side of the road. He stopped his car and went across the road that he might read the signs at the intersection. After he started across, Mrs. Arnold left the car on the right side, stepping into the weeds and grass, and after going two or three steps she stepped into the drain about fifteen inches deep at the end of the culvert and was injured.

The jury found that she was guilty of negligence, and her negligence consisted in getting off the traveled part of the highway in grass and weeds while driving on a strange road and not using due care and caution. They also found that, even if there had been a guard rail there at the end of the culvert, she would have sustained the injury. So far as the notice is concerned, Duffy knew that no guard rails had been erected at the end of the buried iron pipe, as the statute required, and it is contended that the notice to Duffy of the absence of the guard rails bridged over to October, 1927, when the injury was sustained, and for about three years after Jennings was inducted into office as successor to Duffy. Defendant insists that the notice was too remote to be effective and that notice or knowledge should have been brought and established as to Jennings. As we have seen, the jury found that Jennings did not have actual notice or knowledge of the defect more than five days prior to the accident.

Plaintiff further insists that under the statute it was the duty of the county commissioners to make annual inspections of the bridges and culverts for the purpose of ascertaining their condition, and

the defendant therefore cannot urge that Jennings did not have actual knowledge of the defect. In view of the finding that Mrs. Arnold was guilty of contributory negligence, and that there is evidence to support it, we find it unnecessary to determine the question as to the sufficiency of the notice to the chairman of the board of county commissioners.

The statute under which the action is brought provides in effect that no one can recover damages because of the defects mentioned who is guilty of contributing negligence to his injury. (R. S. 68-301.) The nature of the action, the elements of liability necessary to a recovery and the procedure in establishing the right, are carefully and fully stated in *Arnold v. Coffey County Commissioners,* supra. To recover for damages arising from a defect in a bridge, culvert or highway, the injured person must have been "without contributing negligence on his part." Contributory negligence is to be alleged and established by the defendant. In the answer of defendant contributory negligence was sufficiently alleged as follows:

"Further answering; this defendant says that if the said Nannie Arnold received the injuries alleged in said plaintiff's petition, which this defendant denies, that by her acts and negligence she contributed thereto in the following particulars, to wit: That on the evening of about October 9, 1927, the said Nannie Arnold was riding along said highway No. 75 in an auto with the plaintiff herein; that a short distance south of the Osage county line said auto was stopped; that at the time same was stopped it was dark; that the said Nannie Arnold, for her own convenience, got out of said auto without looking or observing where she was going or what she was getting into; that said highway was a strange highway to the said Nannie Arnold and she got out of said auto as aforesaid and into the weeds and grass outside the traveled and maintained part and portion of said highway and without looking or observing where she was going or what she was getting into, started north and stepped or fell into a ditch and received whatever injury she received, if any."

It is not easy to understand why Mrs. Arnold left the automobile on the right-hand side of the car and in the darkness wandered away through the grass and weeds instead of alighting on the traveled way on the other side of the car, which was free from the perils she encountered. She must have known that only a part of a country highway was improved and prepared for public travel, and that on either side of the improved part were excavations made to drain water from the traveled way. It was not incumbent on the county to keep the full width of a county road open and fit for travel. It

is generally held that if it was open and improved for a sufficient width to make it reasonably safe and convenient for ordinary travel, it is enough, and that if the local authorities do so, it is not compelled to keep the sides of the prepared way free from obstructions. (13 R. C. L. 379.)

It was shown that the improved part of the highway was twenty-four feet wide and that this part of it was reasonably safe for public travel. It does not appear that any emergency arose which justified Mrs. Arnold in alighting in the grass and weeds. In *McFarland v. Emporia Twp.*, 59 Kan. 568, 570, 53 Pac. 864, the court said: "It is well settled that the public is not bound to make the whole width of a highway passable." (See, also, *Martin v. City of Columbus*, 93 Kan. 79, 143 Pac. 421.) In *Watson v. Parker Township*, 113 Kan. 130, 213 Pac. 1051, it was said:

"Defendant cites many cases which hold, in substance, that it is not necessary to keep the full width of a rural highway fit for public travel, and that where a sufficient portion of its width is maintained in a safe and passable condition to serve the reasonable needs of the public in that locality, the fact that outlying and unused portions of the road are impassable or dangerous, and yet without barriers, does not constitute the sort of defect for which the municipality or quasimunicipality is liable." (p. 132.)

Under the statute Mrs. Arnold was required to use due care for her own safety, and how can it be said that one who left the traveled way in the nighttime and went out in the grass and weeds on the unimproved side of the road, was in the exercise of due care. It has been said:

"One who voluntarily and unnecessarily deviates from the traveled part of a highway and in so doing meets with an accident from some cause, outside of the traveled way, cannot as a general rule recover for injury sustained." (29 C. J. 703.)

Again it has been said that—

"Where a traveler carelessly or unnecessarily, for his own convenience, leaves the street and in so doing meets with an accident, outside of its limits, the municipality is not liable no matter how near the street the obstruction which causes the injury may be." (43 C. J. 1093.)

Under the circumstances as shown by the evidence it must be held that the contributory negligence of the injured person at least became a question of fact for the determination of the jury. There were some conflicts in the evidence touching the matter of contributory negligence, but these have been settled by the jury and it has

found upon what appears to be sufficient evidence that her own negligence contributed to her injury.

Some criticisms of the instructions are made, but an examination of these satisfies us that there was no material error in them.

The judgment is affirmed.