(No. 31355.

CARL L. SMITH, Appellant, *vs.* THE BOARD OF EDUCATION OF OSWEGO COMMUNITY HIGH SCHOOL DISTRICT *et al.,* Appellees.

*Opinion filed January 18, 1950.*

HAMPER, ATWELL & TINKER, of Aurora, (C. H. ATWELL, and G. H. TINKER, of counsel,) for appellant.

WILLIAM C. O'BRIEN, of Aurora, (WILSON D. BURNELL, and DONALD L. PUCKETT, of counsel,) for appellees.

Mr. JUSTICE SIMPSON delivered the opinion of the court:

July 19, 1949, appellant, Carl L. Smith, in a representative capacity as a taxpayer, filed a complaint in the circuit court of Kendall County for an injunction to restrain the Board of Education of Oswego Community High School District No. 300, in Kendall and Will Counties, from proceeding with a contract for the construction of a new high school building. A motion to strike the complaint, on the ground that it did not state a cause of action, was sustained by the trial court. An appeal has been perfected to this court, a constitutional question being involved.

The complaint alleges, *inter alia,* that on May 23, 1949, the Board of Education of the district entered into a contract with Arnold Lies Company, Inc., for the construction of a new high school building for the sum of $540,000; that said sum was substantially more than prior offers of other bidders; that the school board and the other parties to the contract entered into a conspiracy resulting in the cheating and defrauding of the taxpayers of the district out of upwards of $75,000; that examples of fraud were that the school board had been advised to investigate all other bids received, had personal knowledge that additional sums could be saved in the construction of the high school building; and that false and fraudulent information that the board was delaying the project in order to secure lower construction costs was disseminated to induce taxpayers to support the $350,000 building bond issue; that the taxpayers, in reliance on fraudulent and misleading information voted the bond issue; that, if section 10 of article 7 of the School Code (Ill. Rev. Stat. 1947, chap. 122, par. 7-10,) be interpreted as permitting boards of education to arbitrarily let such contracts by private negotiations, article III, which provided for distribution of the powers of government, and section 2 of article II, the due-process clause, of the State constitution, would be violated; that the letting of the contract to Arnold Lies Co., Inc., vio-

lated public policy of the State by stifling competition and inviting favoritism.

Our State constitution (art. VIII, sec. 1,) provides that the General Assembly shall provide a thorough and efficient system of free schools. A high school is as much a part of our free school system as are elementary or grade schools. (*People ex rel. Board of Education* v. *Read,* 344 Ill. 397.) There is no constitutional limitation placed on the legislature with reference to the agencies the State shall adopt for providing for free schools. (*People* v. *Chicago and Illinois Midland Railway Co.* 256 Ill. 488.) Under the mandate of the constitution the duty rests upon the legislature to provide for an adequate school system. How this is to be done is a matter which rests in the discretion and wisdom of the legislature, subject to the constitutional requirements regarding uniformity and against discrimination. *People ex rel. Goodell* v. *Chicago and Northwestern Railway Co.* 286 Ill. 384.

The legislature has provided for the creation of boards of education and has delegated to such boards the power to build schoolhouses, upon receiving authority to do so from a majority of the electorate of the school district, subject to the approval of the county superintendent of schools respecting certain health and safety measures. (Ill. Rev. Stat. 1947, chap. 122, par. 7-10.) The method to be employed in letting contracts for the construction of school buildings has been left to the discretion of the school boards of the respective school districts. Appellant attacks the wisdom of permitting the board of education of a high school district to negotiate contracts for building schoolhouses without limitation as to size, cost, or methods to be employed in the letting of such contracts. It is insisted that the unrestrained acts of the board of education, in such cases, is contrary to public policy. Where no limitation has been placed upon a school board by the vote of the people of the district, it has the right to use its discre-

tion as to the character and cost of a school building which shall be adequate and proper for the use of the district. (*Hartmann* v. *Pesotum Community Consolidated School Dist.* 325 Ill. 268.) The public policy of a State is to be found in its constitution and statutes, and when they are silent, then in its judicial decisions and constant practice of its government officials. (*Electrical Contractors' Ass'n* v. *Schulman Electric Co.* 391 Ill. 333; *Routt* v. *Barrett,* 396 Ill. 322.) The acts complained of were in compliance with authority delegated to boards of education by legislative enactment made pursuant to the directive contained in section 1 of article VIII of the constitution. The wisdom of such legislation is a question for the General Assembly and not for this court. It is our function to determine whether the legislation is forbidden by the constitution. (*Sloan* v. *School Directors,* 373 Ill. 511.) In that connection it must be remembered that the legislature is under a constitutional mandate to establish and maintain a thorough and efficient system of free schools. The legislature may delegate to others the power to do those things which it might properly, but cannot understandingly or advantageously, do itself. (*Owens* v. *Green,* 400 Ill. 380.) The authority to establish and maintain our system of free schools, including the building of schoolhouses, has been properly delegated by the General Assembly to the electorate of the several school districts, and their duly elected school boards, for the adequate reason that the General Assembly could not conveniently or efficiently attend to the details of establishing, maintaining, and operating our public schools. It necessarily follows that the act of the Board of Education of Oswego Community High School, District No. 300, in letting the contract to construct a new high school building, did not violate the constitution and is not contrary to the public policy of this State.

The remaining question to be determined is whether the allegations of the complaint are sufficient to charge the

Board of Education with fraud in awarding the construction contract to Arnold Lies Company, Inc. While the words, "fraud," "fraudulently," and "conspiracy," are used repeatedly, a careful reading of the complaint compels the conclusion that these charges are based on two main allegations, first, that the Board of Education eliminated competitive bidding, and second, that the contract was awarded for a substantially larger sum than might have been bid by other contractors. In the absence of allegations of facts showing fraudulent acts or conduct in connection with the awarding of the contract, this was not sufficient to charge fraud. We have already pointed out that the legislature delegated the authority to build schoolhouses, under proper circumstances, to boards of education without requiring that contracts for their construction be awarded as a result of competitive bidding. Where the language used in a statute is plain and certain it must be given effect by the courts and we cannot legislate but must interpret the law as announced by the legislature. (*Roth* v. *Kaptowsky,* 401 Ill. 424.) Neither does the mere fact that the contract was not awarded to the lowest bidder sustain an allegation that the contract was fraudulently entered into by the parties. (*Hallett* v. *City of Elgin,* 254 Ill. 343.) The presumption obtains that the actions of public officials, in the performance of their official acts, are done in good faith and with honest motives. (*Chicago Park Dist.* v. *Herczel & Co.* 373 Ill. 325.) It is not enough to merely use the terms "fraud" or "fraudulently" in a complaint, because the unexplained use of such terms alleges nothing. Such allegations must include the facts upon which they are based, and a general charge that a party acted fraudulently or was guilty of fraud is not good pleading for the reason that only a conclusion of the pleader is stated. (*Owens* v. *Green,* 400 Ill. 380.) The complaint does not contain any allegation of facts showing that the Board of Education acted arbitrarily, practiced favoritism, or was guilty of

collusion or other fraudulent conduct in awarding the contract for the construction of the new high school to Arnold Lies Co., Inc. The circuit court properly sustained the motion to dismiss the complaint.

For the above reasons, the decree of the circuit court of Kendall County is affirmed. *Decree affirmed.*