(No. 72869.—

SANDRA L. DiBENEDETTO, Special Adm'r of the Estate of Scott A. DiBenedetto, Appellee, v. FLORA TOWNSHIP, Appellant.

*Opinion filed October 30, 1992.*

MILLER, C.J., joined by FREEMAN, J., concurring.

Knight, Hoppe, Fanning & Knight, Ltd., of Des Plaines (Sarah Hansen Sotos, Joette S. Doran and Janella L. Barbrow, of counsel), for appellant.

Gregory E. Barrett, of Schlueter, Ecklund, Olson, Barrett & Mayfield, of Rockford, for appellee.

Law Offices of Jeffrey M. Marks, of Chicago (Clark M. Raymond, of counsel), for *amicus curiae* Illinois Trial Lawyers Association.

JUSTICE HEIPLE delivered the opinion of the court:

Scott DiBenedetto died as a result of a one-car accident which occurred on or about January 25, 1989. Plaintiff, Sandra DiBenedetto, as special administrator of Scott DiBenedetto's estate, filed a complaint against defendant, Flora Township, to recover damages for Scott's death.

Plaintiff alleges in her amended complaint, *inter alia*: that Scott DiBenedetto, decedent, was southbound on Wheeler Road in Flora Township on or about January 25, 1989; his car crossed over the northbound lane, entered the 5- to 7-foot wide shoulder area on the east edge of the paved roadway, crossed over the shoulder, landed in the drainage ditch and immediately overturned killing decedent; the driving conditions were wet, dense fog and complete darkness with no street lighting; the drainage ditch runs parallel to the road, is 5 to 6 feet deep, slopes at a 45- to 90-degree angle off the shoulder of the road, and is within the Wheeler Road right-of-way.

The complaint further alleged that defendant was negligent in that it:

"a. Maintained its right-of-way on Wheeler Road in such a manner as to place or permit to be placed a ditch on its said right-of-way which ditch is a danger to traffic using Wheeler Road by reason of its severe dropoff [*sic*] and extreme close proximity to the east edge of the pavement of Wheeler Road.

b. Failed to remedy or correct the condition created in its right-of-way along said Wheeler Road by the existence of said ditch."

Defendant filed a motion to dismiss the complaint pursuant to section 2—615 of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 2—615). The trial court concluded that the burden which would be imposed upon defendant to make roadside drainage ditches safe for motorists who stray from the traveled way was of such a great magnitude that no duty was owed to plaintiff. The appellate court reversed, with Justice Geiger dissenting, holding that, given the public policy concerns for safe roadways and that it is foreseeable that a motorist will deviate from the roadway, a duty was owed to plaintiff by the defendant township. Additionally, the majority stated that the proximate cause of the accident was a jury question. The Local Governmental and Governmental Employees Tort Immunity Act insulates local public entities from liability arising from injuries caused by the effect of weather conditions on streets, highways, and other public ways. (Ill. Rev. Stat. 1989, ch. 85, par. 3—105(a).) The majority noted that in the present case the Tort Immunity Act does not insulate defendant from liability since the complaint does not allege that adverse weather conditions were the sole cause of the accident. (219 Ill. App. 3d 1091.) Justice Geiger, dissenting, concluded that given that decedent's automobile crossed over the oncoming lane of traffic and a 5- to 7-foot wide shoulder before coming into contact with the drainage ditch, as a matter of law the ditch was not a proximate cause of the accident and the automobile was out of control before reaching the ditch. (219 Ill. App. 3d at 1102 (Geiger, J., dissenting).) We reverse the appellate court and affirm the trial court.

When the legal sufficiency of all or part of a complaint is challenged by a section 2—615 motion to strike or dismiss, all well-pleaded facts in the challenged portions of the complaint are to be taken as true and a re-

viewing court must determine whether the allegations of the complaint, when interpreted in the light most favorable to the plaintiff, are sufficient to set forth a cause of action upon which relief may be granted. A complaint based upon negligence must set forth the existence of a duty owed by the defendant to the plaintiff, a breach of that duty, and an injury proximately resulting from that breach. Whether or not a duty exists is a question of law which will be determined by the courts.

The gist of the complaint in this case was that the ditch along the road was not safe to be driven in. Few would dispute that allegation. The question is, Does the defendant township have a duty to the motoring public to make its drainage ditches which run parallel to the traveled way to be safe for vehicular traffic? We hold not. There is no claim here that the traveled portion of the road, including the shoulder, was anything but safe. The drainage ditch was there for the purpose of receiving surface water and thereby protecting the traveled way from flooding. It was not designed to carry vehicular traffic. The right-of-way had three component parts, namely, the traveled way, the shoulder and the drainage ditch. Each of the parts was fulfilling its intended function. What happened in this case was that decedent, for whatever reason, lost control of his car, drove across an oncoming lane of the roadway, on across the shoulder and into the ditch where his car overturned and he was killed.

It is axiomatic that a driver who leaves the traveled way and continues with his automobile across country is bound to strike something sooner or later. In this case, as there were no oncoming vehicles when he crossed over the opposite lane, the driver plunged into a roadside ditch and tipped over. Had the ditch not been there, the car would have likely struck something else, be it a utility pole, a fence, a tree or whatever. When an out of

control automobile is brought to an abrupt stop by an immovable object, damage, injury or even death may be the result. That is what happened in this case. The proximate cause of the accident in this case was not the ditch. The proximate cause of the accident was the loss of control of the vehicle and its being driven off the traveled way.

Drainage ditches along streets and highways are both commonplace and necessary. People are not expected to drive in them and the public cannot be an insurer of those who do. Although there is a paucity of cases on this issue, we interpret that lack to the fact that the conclusion is obvious and that the opposite result would be contrary to normal expectations and experience in the affairs of life.

In 1932, the Kansas Supreme Court determined that the duty of a township to maintain its rural roads and highways in a condition reasonably safe for travel extends only to the improved or traveled portions of such roads and highways. (*Arnold v. Board of Commissioners* (1932), 135 Kan. 551, 11 P.2d 729.) As the Kansas court noted, it is not incumbent upon a county to keep the full width of its roads open and fit for travel. If a road is open and improved for a sufficient width as to make it reasonably safe and convenient for ordinary travel there is no duty to keep the sides of the traveled way free from obstructions. As long as a sufficient portion of the right-of-way is maintained in a safe and passable condition to serve the reasonable needs of the public in that locality, the fact that outlying and unused portions of the road are impassable or dangerous does not constitute the sort of defect for which a local governmental unit is liable.

Neither a township nor a municipality is an insurer against all accidents occurring on the public way. Just as a municipality is only required to maintain its streets

and sidewalks for their normal and intended uses, a township is only required to maintain the traveled way, shoulders, and drainage ditches according to their normal and intended uses. *Warchol v. City of Chicago* (1979), 75 Ill. App. 3d 289, 294.

Foreseeability is but one of the factors to be weighed in determining the existence of a duty. Even if an accident is foreseeable, the resulting burdens and consequences must also be considered before a legal duty will be recognized. While this accident was foreseeable to the extent that, in retrospect, all accidents are foreseeable, this is not sufficient to enlarge the township's duty. It is, of course, both foreseeable and commonplace that cars will occasionally run into ditches. The instant case, however, is not the type of accident one would expect to occur under normal driving circumstances. (*Ross v. City of Chicago* (1988), 168 Ill. App. 3d 83, 89-90.) The fact that it was a dark, wet, and foggy night is immaterial. Even in considering foreseeability, the relevant inquiry focuses on the likelihood that an injury will result from a condition upon the land and not the likelihood that an injury will result from a particular set of circumstances. (*Ziemba v. Mierzwa* (1991), 142 Ill. 2d 42, 49.) This case, however, turns not on the question of foreseeability but, rather, whether the drainage ditch posed an unreasonable hazard to the motoring public and whether the defendant thereby violated a duty it owed to the motoring public. We hold that it did not.

Accordingly, we reverse the appellate court and affirm the circuit court.

*Appellate court reversed;*
*circuit court affirmed.*

CHIEF JUSTICE MILLER, concurring:

I agree with the court that the trial judge properly dismissed the instant complaint. Because the basis for

my concurrence is different from the majority's reasoning, however, I write separately to express my views.

The majority provides two separate grounds in support of its holding. First, the majority concludes that the drainage ditch could not have been a proximate cause of the decedent's injury because the decedent's vehicle "would have likely struck something else" if the ditch had not been there. (153 Ill. 2d at 70.) Second, without expressly relying on the provisions of the Local Governmental and Governmental Employees Tort Immunity Act (Ill. Rev. Stat. 1989, ch. 85, pars. 1—101 through 9—107), the majority believes that the township did not violate the duty of care it owes to the public, apparently because motorists "are not expected to drive in [ditches] and the public cannot be an insurer of those who do." (153 Ill. 2d at 71.) Although I agree with the majority's ultimate holding, my agreement is premised on grounds different from those contained in the majority opinion.

As a preliminary matter, it must be said that, contrary to the majority's view, the plaintiff's amended complaint does not allege simply that "the ditch along the road was not safe to be driven in," and the issue in this case is not merely whether the township has a duty to make drainage ditches "safe for vehicular traffic." (153 Ill. 2d at 70.) Those characterizations ignore the gravamen of the plaintiff's amended complaint, which asserts that the township breached its duty of due care to motorists using Wheeler Road by maintaining a ditch of this slope and depth so close to the roadway. According to the complaint, the ditch lies five to seven feet from the edge of the pavement, is five to six feet deep, and slopes downward at an angle of 45 to 90 degrees. The plaintiff alleges that the vehicle being driven by the decedent entered the ditch and then flipped over, causing his death.

Section 3—102(a) of the Tort Immunity Act states:

"Except as otherwise provided in this Article, a local public entity has the duty to exercise ordinary care to maintain its property in a reasonably safe condition for the use in the exercise of ordinary care of people whom the entity intended and permitted to use the property in a manner in which and at such times as it was reasonably foreseeable that it would be used \*\*\*." (Ill. Rev. Stat. 1989, ch. 85, par. 3—102(a).)

This provision codifies, for the benefit of "intended and permitted" users, the common law duty of a public body with respect to maintaining its roads and highways. *Janssen v. City of Springfield* (1980), 79 Ill. 2d 435, 450; see *Curtis v. County of Cook* (1983), 98 Ill. 2d 158, 164-65.

I do not agree with the majority's initial conclusion that the decedent's vehicle was bound to collide with something once it left the roadway and therefore the condition of the roadside ditch could not have been a proximate cause of the decedent's injuries. First, the premise of this argument is incorrect. It is not uncommon for vehicles that leave the road to come to a stop in an open field or other cleared area, without colliding with any obstacle. Second, and more important, this logic seemingly eliminates all public liability for roadside conditions, a result that I believe is contrary to both section 3—102 of the Tort Immunity Act and relevant case law (see *Janssen v. City of Springfield* (1980), 79 Ill. 2d 435; *Michalak v. County of La Salle* (1984), 121 Ill. App. 3d 574). Similarly, I am unable to agree with the majority's further holding that, because motorists are not expected to drive in ditches and the public cannot be an insurer of those who do, the township could not have violated the duty of care it owed the plaintiff's decedent. Again, this reasoning threatens to eliminate all public liability for accidents or injuries attributable to roadside conditions, a result that cannot be squared with the re-

quirements imposed on public entities by both statute and case law.

I concur, however, in the majority's judgment in the present case, which upholds the dismissal of the plaintiff's complaint. The scope of a party's duty of care is shaped in large measure by matters of public policy, and these concerns strongly militate against recognizing a cause of action in the circumstances shown here.

"In considering whether a duty exists in a particular case, a court must weigh the foreseeability of the injury, the likelihood of the injury, the magnitude of the burden of guarding against it and the consequences of placing that burden on the defendant. [Citations.]" (*Gouge v. Central Illinois Public Service Co.* (1991), 144 Ill. 2d 535, 542.) The last two criteria are particularly significant in this case. There is nothing unusual or unique about the ditch in question, and it appears to be similar in configuration to the drainage ditches that run for miles along thousands of roads throughout the State. Imposing on the public authorities the burden of eliminating the type of hazard alleged to exist here would be an unduly oppressive obligation, as the trial judge found. For these reasons, I concur in the court's judgment upholding the dismissal of the plaintiff's amended complaint.

Finally, I would note that the plaintiff's cause of action can find no assistance here in the failure of the township to provide any pavement markings, warning signs, or guardrails in the area where the accident occurred. The plaintiff's complaint originally contained allegations to that effect, charging the township with negligence because of the complete absence of any warnings or barriers. The plaintiff later withdrew those allegations, however, apparently in light of section 3—104 of the Tort Immunity Act. That provision immunizes a local public entity for its failure "to initially provide *** dis-

tinctive roadway markings or any other traffic regulating or warning sign, device or marking, *** traffic separating or restraining devices or barriers." Ill. Rev. Stat. 1989, ch. 85, par. 3—104; see *West v. Kirkham* (1992), 147 Ill. 2d 1.

We need not decide in this case whether the township may be required to undertake the more onerous step of eliminating the alleged hazard when section 3—104 specifically absolves the township of the less onerous task of providing warnings or barriers in its vicinity. It is enough to say that the duty owed by the township to the plaintiff's decedent did not extend to the harm that occurred here.

For the reasons stated, I concur in the court's judgment.

JUSTICE FREEMAN joins in this concurrence.