(No. 92-CC-2777–

RONALD E. PAUL, Individually and Executor of the Estate of MARY JOANN PAUL and Administrator of the Estate of SHERYL J. PAUL, and RONALD G. BUBAN, Administrator of the Estate of KEVIN R. BUBAN, Claimants, *v.* ILLINOIS DEPARTMENT OF TRANSPORTATION, Respondent.

*Order filed August 30, 1999.*

*Order on motion to reconsider filed December 10, 1999.*

PHELPS, KASTEN, RUYLE, BURNS, CARMODY & SIMS (BYRON J. SIMS, of counsel), for Claimants.

JIM E. RYAN, Attorney General (GUY A. STUDAEN, Assistant Attorney General, of counsel), for Respondent.

## ORDER

JANN, J.

This cause comes on to be heard on Respondent's motion for summary judgment and Claimant's reply in opposition thereto. Both parties have submitted memoranda of law in support of their positions.

### I. Facts

This case arises from an auto accident which occurred on Sunday, April 14, 1991, at approximately 12:03 a.m., at the intersection of Illinois 159 and Renken Road (Prairietown Road), township of Monro, unincorporated Madison County, Illinois.

Decedents, Mary Joann Paul, Sheryl J. Paul and Kevin R. Buban were passengers in a car driven by Claimant Ronald E. Paul. Ronald Paul (herein Paul) suffered personal injuries and the decedents died after a collision between the car driven by Paul and a car driven by Joseph E. Sheppard (herein Sheppard). Paul's car was traveling northbound in the northbound lane of Illinois 159 at the intersection of the westbound lane of Renken Road. Sheppard's car was traveling east to west and pulled out

in front of Paul's car, striking Paul's car on the right passenger side.

There are two stop signs on Renken Road for the westbound traffic at the intersection. One sign is on the northeast corner of the intersection and the other is placed on the southeast corner of the intersection. Additionally, there is a "stop ahead" sign seven hundred feet east of the stop signs on Renken Road. At the time of the accident, all the signs were in place and were clearly visible to the westbound traffic.

Sheppard was driving while intoxicated at the time of his accident. The Alton Memorial Hospital records show that Mr. Sheppard arrived at the hospital at 1:33 a.m. on April 14, 1991. Mr. Sheppard submitted to a forensic blood test at 2:24 a.m. on April 14, 1991. His blood alcohol concentration was .156 percent ethanol g/dl, and his blood contained .5 percent Diazepam (Valium) and .8 percent Nordiazepam.

On October 31, 1991, Sheppard pled guilty to three counts of reckless homicide and one count of driving a vehicle while under the influence of alcohol, admitting that he disobeyed the stop sign at a time when the alcohol concentration in his blood was more than 0.10 percent. Sheppard was sentenced to a term of ten years on the reckless homicide counts and a term of three years on the driving while under the influence count.

Claimants, Ronald E. Paul, the husband of Mary Joann Paul and the father of Sheryl J. Paul, and Ronald G. Buban, administrator of the estate of Kevin R. Buban and father of Kevin R. Buban, allege that the Illinois Department of Transportation (herein IDOT) was negligent in the following ways:

a. IDOT failed to equip Renken Road at or near its intersection with Illinois 159 as to traffic approaching from the east to the west with a flashing red stop signal.

b. IDOT failed to equip Renken Road at or near its intersection with Illinois 159 as to traffic approaching from east to west with a stop bar on the pavement, an appropriate distance east of the intersection and in a manner designed to apprise approaching traffic of an upcoming intersection and stop sign.

c. IDOT failed to equip Renken Road at or near its intersection with Illinois 159 as to traffic approaching from east to west with dual mounted 48-inch stop signs.

d. IDOT failed to equip Renken Road at or near its intersection with Illinois 159 as to traffic approaching from east to west with rumble strips on the pavement, a sufficient distance east of the stop sign in a manner deigned to apprise approaching traffic of an upcoming intersection and stop sign.

Claimants' allegations of negligence rely upon the opinion, testimony and reports of Kenneth R. Agent, a registered civil engineer in the state of Kentucky. Mr. Agent's deposition, reports and curriculum vitae are made a part of Claimants' memorandum.

## II. Proximate Cause

Respondent asserts that the sole proximate cause of the accident at issue was the negligence of Sheppard in driving under the influence and subsequently failing to stop and yield to Claimants' vehicle as required. No conduct of Respondent proximately caused the accident and Respondent asserts it is entitled to summary judgment as a matter of law.

Claimants argue that the accident history of the intersection put the State on notice that the signage was inadequate, and its failure to take additional measures to alert drivers of the stop sign constituted negligence. Said negligence is alleged to be a proximate cause of the injuries and deaths of the Claimants, in addition to Sheppard's actions. No direct proof was offered as to breach of IDOT standards.

### III. The Law

It is well settled that there may be more than one proximate cause of an injury. A defendant may be held liable even if his negligence is not the sole proximate cause of injury so long as his conduct contributed in whole or in part to the injuries. (*Kuhn Redi-Mix v. State* (1995), 45 Ill. Ct. Cl. 33, citing *Smith v. State* (1989), 42 Ill. Ct. Cl. 19 which adopted the definition in Illinois Pattern Jury Instruction 15.01.) The negligence of a defendant will not constitute a proximate cause of plaintiff's injuries, however, if some intervening act supercedes the defendant's negligence, but if the defendant could reasonably foresee the intervening act, that act will not relieve the defendant of liability. (*Inelhoffer v. Village of Wadsworth* (1996), 282 Ill. App. 3d 933, 219 Ill. Dec. 674, 671 N.W.2d 1127.) Claimants have cited several cases for the proposition that criminal acts of a defendant do not break the causal claim where said acts are foreseeable by a third party defendant. None of these cases are directly on point to the facts of this case but point to foreseeability as a key element in determining proximate cause.

Respondent admits that proximate cause may be proved inferentially or by circumstantial evidence. However, when a party seeks to rely upon circumstantial evidence, the conclusion sought must be more than speculative; it must be the only probable conclusion which may

be drawn from the known facts. *Hernandez v. Chicago Transit Authority* (1st Dist. March 30, 1999), No. 1-98-2911, 1999 Ill. App. Lexis 185 at 29, citing *Stojkovich v. Monadnock Building* (1996), 281 Ill. App. 3d 733, 739, 666 N.E.2d 704, 708.

Blood alcohol testing is recognized as a proper means of proving intoxication in personal injury actions. (*Burris v. Madison County* (1987), 154 Ill. App. 3d 95, 101, 493 N.E.2d 1267, 1270; *Thomas v. Brandt* (1986), 144 Ill. App. 3d 95, 101, 493 N.E.2d 1142.) Additionally, section 501.2(b) of the Illinois Vehicle Code provides that:

"Upon the trial of any civil or criminal action or proceeding arising out of acts alleged to have been committed by any person while driving or in actual physical control of a vehicle while under the influence of alcohol, the concentration of alcohol in the person's blood or breath at the time alleged or shown by analysis of the person's blood, urine, breath, or other bodily substance shall give rise to the following presumptions:

\* \* \*

3. If there was at the time an alcohol concentration of 0.10 or more, it shall be presumed that the person was under the influence of alcohol." 625 ILCS 5/11-501.2(b); see also *Hambrick v. State* (1995), 48 Ill. Ct. Cl. 57.

It is uncontroverted that Sheppard's blood alcohol content shortly after the accident was 0.156 percent, giving rise to the presumption that Sheppard was under the influence of alcohol. Furthermore, Sheppard admitted his blood alcohol level exceeded the legal limit and that he disobeyed the stop sign. Sheppard, as a driver on the Illinois roads had a duty to abide by the Illinois Vehicle Code. Sheppard violated this duty and, therefore, was negligent as a matter of law. *Wanner v. Kenna* (1974), 22 Ill. App. 3d 930, 934, 317 N.E.2d 114.

Illinois courts have long dealt with the question of proximate cause of accidents. In *DeBenedetto v. Flora Township* (1992), 153 Ill. 2d 66, 605 N.E.2d 571, a driver lost control of his car, crossed over the oncoming lane, crossed over the shoulder, and landed in a drainage ditch.

The trial court granted defendant's motion to dismiss for failure to state a cause of action. The Supreme Court agreed stating, "the proximate cause of the accident in this case was not the ditch. The proximate cause of the accident was the loss of control of the vehicle and its being driven off the traveled way." (*DeBenedetto*, 605 N.E.2d at 573.) Similar to the instant case, the proximate cause .of this accident and the resulting injuries and deaths was Sheppard's failure to yield, due to his intoxicated condition, to Paul's car.

In *Thompson v. County of Cook* (1993), 154 Ill. 2d 374, 609 N.E.2d 290, a seminal case on proximate cause and intoxicated drivers, the family of a passenger who was killed when the car driven by an intoxicated driver went off the highway sought to recover from Cook County. The decedent's family alleged that the county was negligent because the highway lacked proper warning signs. (*Thompson*, 609 N.E.2d at 292.) The Supreme Court affirmed the Appellate Court's vacation of a jury verdict for the plaintiff and the granting of judgment as a matter of law for the defendant. (*Id.*) The Supreme Court observed that the driver of the car had admitted that he was driving under the infl.. .ce of alcohol and drove at an excessive rate of speed. (*Id.* at 293-294.) The *Thompson* Court held that the allegedly defective road may have provided a condition for the accident, but it was not the cause of the accident. (*Id.*) The Court concluded that the driver's actions in driving drunk, speeding, eluding the police and disregarding the traffic signs were the sole proximate cause of this accident and the road provided nothing more than a location where the driver's negligence came to fruition. *Id.* at 294.

In *Billman v. Frenzel Construction Company* (1993), 262 Ill. App. 3d 681, 635 N.E.2d 435, an intersection and

signage defect case, the Appellate Court affirmed the granting of summary judgment in defendant's favor. (*Billman*, 262 Ill. App. 3d at 689.) The *Billman* Court determined that, since it was undisputed that the driver that struck the decedent was driving under the influence at the time of the accident, such negligent driving broke the chain of causation between alleged defects in the intersection and the resulting injuries. (*Id.* at 687.) The Court reasoned that, if the duty of the defendant was based on a lack of, or defect in, signage, the plaintiff must offer some evidence that the intoxicated driver was confused by the signage (or lack thereof). (*Id.*) The Court concluded that where neither scenario (intoxication or defect in signage) could be inferred with a degree of certainty, and speculation would be required, causation cannot be a triable issue of fact and summary judgment is proper. *Id.*

Respondent argues that, as in the *Billman* case, causation in the case at bar is a question of law, not fact, and summary judgment is proper. Sheppard's intoxicated driving broke any chain of causation between any alleged defects in the intersection and the resulting injuries. Thus, as a matter of law, Claimants cannot show signage defects were the proximate cause of this accident without resorting to speculation and conjecture. Moreover, as Claimants' theory of negligence is based on signage defects, Claimants would need to offer some evidence that Sheppard was confused by the signage. The only fact disputed in the record is whether Sheppard stopped, rolled through or traveled consistently through the stop sign. Sheppard initially claimed he stopped and then began to make a left-hand turn, but ultimately admitted he disobeyed the stop sign. Sheppard's son, Nathan Sheppard, also claimed his father stopped at the stop sign. Eyewitness Gregory Harkey stated Sheppard rolled up to the stop sign, stopped briefly and then pulled out and struck Paul's car. Eyewitness Michael Maxfield stated Sheppard ran through the

stop sign. Despite these differing accounts, there is still nothing in the record to suggest that Sheppard was confused by the signage. To the contrary, Sheppard at first claimed he stopped at the stop sign prior to attempting a left turn, but then admitted he disobeyed the stop sign.

Claimants rely upon Mr. Agent's opinions that the enlargement of stop signs and addition of flashing beacons, a rumble strip and an additional "stop ahead" sign would have reduced the likelihood of the occurrence leading to Claimants' injuries. Careful review of Mr. Agent's deposition and reports does not support such a finding by the Court. In fact, Mr. Agent was unable to provide direct evidence of any breach of duty by Respondent as to the signage at the intersection in question or proof that the accident history required immediate action pursuant to IDOT regulations.

We find that, there being no evidence that Sheppard was confused by the signage, nor of a breach of IDOT practice and procedure, Claimants may not, as a matter of law, prevail on the question of proximate cause. As a matter of law, the proximate cause of Claimants' tragic injuries was Sheppard's negligence.

It is hereby ordered that Respondent's motion for summary judgment is granted and this cause is dismissed.

## ORDER

JANN, J.

This cause comes on for hearing on Claimants' motion to reconsider and Respondent's response thereto, and this Court being fully advised in the premises.

We hereby find:

Claimants' arguments were carefully considered in our prior analysis of the motion for summary judgment.

We find no basis for reconsideration and must deny this petition.